TASHIMA, Circuit Judge,
dissenting:
The majority holds that Young v. Holder, 697 F.3d 976 (9th Cir. 2012) (en banc), remains good law because it is not clearly irreconcilable with Moncrieffe v. Holder, 569 U.S. 184, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013). Maj. Op. at 790. Under Young, Marinelarena must prove that she was not convicted of a controlled substance offense in order to establish her eligibility for cancellation of removal. Because the record is ambiguous on this point, the majority reasons, Marinelarena cannot satisfy her burden of proof and is thus ineligible for relief. Id. at 787. I disagree with the majority’s conclusion that Moncrieffe does not *793 abrogate Young. Under Moncrieffe, the ambiguity in the record as to Marinelare-na’s offense of conviction means that she has not committed an offense disqualifying her from relief. I respectfully dissent.
In Moncrieffe, the Supreme Court explained the framework for applying the categorical approach to determine whether a noncitizen has committed an aggravated felony, as defined by the Immigration and Nationality Act. 133 S.Ct. at 1684-85. In cases applying the categorical approach, courts compare the elements of a nonciti-zen’s offense of conviction to those of a generic federal offense that would disqualify her from relief. Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013). The Court in Moncrieffe specified that, under the categorical approach, courts should “look ‘not to the facts of the particular prior case,’ but instead to whether ‘the state statute defining the crime of conviction’ categorically fits within the ‘generic’ federal definition of a corresponding aggravated felony.” Moncrieffe, 133 S.Ct. at 1684 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 186, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)). “[A] state offense is a categorical match with a general federal offense only if a conviction of the state offense ‘necessarily involved ... facts equating to [the] general [federal offense].’” Id. (emphasis added) (quoting Shepard v. United States, 544 U.S. 13, 24, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (plurality opinion)). “Whether the noncitizen’s actual conduct involved sueh facts is ‘quite irrelevant.’” Id. (quoting United States ex rel. Guarino v. Uhl, 107 F.2d 399, 400 (2d Cir. 1939)).
The Court further stated that, if a statute contains multiple, alternative versions of a crime (that is, if the modified categorical approach applies), “a court may determine which particular offense the nonciti-zen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or ‘some comparable judicial record of the factual basis for the plea.’” Id. (emphasis added) (quoting Nijhawan v. Holder, 557 U.S. 29, 35, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009)). The Court labeled this inquiry as a whole “the categorical approach,” as opposed to distinguishing between the categorical and modified categorical approaches. Id. at 1685.
In Moncrieffe, the government argued that the petitioner had committed a “felony punishable under the Controlled Substances Act” (“CSA”), which qualifies as an aggravated felony that would allow the petitioner to be deported. Moncrieffe, 133 S.Ct. at 1683. The Court disagreed. Id. at 1684. The record established that Moncrieffe had been convicted under a state statute proscribing conduct that constitutes an offense under the CSA, but the record was ambiguous as to whether the CSA would “ ‘necessarily’ prescribe felony punishment for that conduct.” Id. at 1685 (emphasis added). The Supreme Court held that “[a]mbiguity on this point means that the conviction did not ‘necessarily’ involve facts that correspond to an offense punishable as a felony under the CSA.” Id. at 1687. “Under the categorical approach, then, Moncrieffe was not convicted of an aggravated felony” allowing him to be deported. Id.
This analysis is clearly irreconcilable with Young. Young holds that ambiguity in the record as to whether the noncitizen committed an aggravated felony means that she was convicted of the offense for purposes of the immigration statutes. Young, 697 F.3d at 988-99. Moncrieffe holds the opposite: If the record does not conclusively establish that the noncitizen committed the offense, then she was not *794 convicted of the offense for purposes of the immigration statutes, Moncrieffe, 133 S.Ct. at 1687.
The majority’s arguments to the contrary are unpersuasive. The majority first contends that Monmeffe does not control because it “addressed the question whether the petitioner was removable, a question as to which the government bears the burden of proof,” while this case concerns cancellation of removal, for which an applicant bears the burden of proving eligibility. Maj. Op. at 789. But Moncrieffe itself explicitly forecloses this distinction, explaining that the categorical “analysis-.is the same in both [the removal and cancellation of removal] contexts.” Moncrieffe, 133 S.Ct. at 1685 n.4 (emphasis added). Under Moncrieffe, the framework for' applying the categorical and modified categorical approaches does not depend on which party bears the burden of proof in a particular kind of immigration proceeding.
The majority sidesteps this explicit instruction by arguing that Moncrieffe “limited” its. holding “to the categorical context.” Maj. Op. at 790-91. Per the majority, “Moncrieffe therefore cannot be read to inform the relevant dispute in Young, which pertained only to the oper: ation of.the burden of proof when the modified categorical approach applies.” Maj. Op. at 790 (footnote omitted). This purported distinction overstates the difference between the categorical and modified categorical approaches. As the Supreme Court has noted, the modified categorical approach is “a tool for implementing the categorical approach” that allows a court “to examine a limited class of documents to determine which of a statute’s alternative elements formed the basis of the defendant’s prior conviction.” Descamps v. United States, 570 U.S. 254, 133 S.Ct. 2276, 2284, 186 L.Ed.2d 438 (2013).
Thus, in Moncrieffe, the Court outlined both what we have called the “categorical” step of the analysis and the “modified categorical” step of the analysis, and then labeled the inquiry as a whole “the categorical approach.” Moncrieffe, 133 S.Ct. at 1684-85 (outlining the categorical and modified categorical analysis and stating that “[t]his.categorical approach has a long pedigree - in our Nation’s immigration law”). That is because the relevant inquiry in,both categorical and modified categorical cases is the same: A court must compare the elements of the offense of which the noncitizen was convictbd to the elements of a genexic federal offense disqualifying her from relief, and then determine what facts are necessarily established by that conviction. The only difference' between the two approaches is that, in modified categorical cases, a statute lists “multiple, alternative versions of [a] crime,” Descamps, 133 S.Ct. at 2284, so the court must look to the . record of conviction to determine “which. particular offense the noncitizen was convicted of.” Moncrieffe, 133 S.Ct. at 1684. Once that determination is made, the relevant question is the same as that in categorical cases: A court must ask what the noncitizen’s conviction necessarily involved, “not what acts [the noncitizen] committed.” Id. at 1685.
In Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court reaffirmed that the categorical ¿nd modified categorical approaches involve the same analysis. The Court stated that, “when a statute sets out a single (or ‘indivisible’) set of elements to define a single crime,” a court should “line[ ] up that crime’s elements alongside those of the generic offense and see[] if they match.” Id. at 2248. “Some statutes, however, have a more' complicated (sometimes called ‘divisible’) structure, making the comparison of elements harder.” Id. at 2249. Cases involving such statutes apply *795 the modified categorical approach. Under this approach, “a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.” Id. “The court can then compare that crime, as the categorical approach commands, with the relevant generic offense.” Id. (emphasis added).[1]
In other words, whether a case applies what we have called the “categorical” or the “modified categorical” approach, the analysis is the same: The court asks whether the noncitizen was necessarily convicted of an offense disqualifying her from relief. If the record of conviction is ambiguous on this point — as it is in this case — then her “conviction did not ‘necessarily’ involve facts that correspond to” a disqualifying offense. Moncrieffe, 133 S.Ct. at 1687 (emphasis added). Thus, under the modified categorical approach, Marinelarena was not convicted of a controlled substance offense under federal law.[2]
I would grant the petition and respectfully dissent.

. The majority contends that “the inquiry into which part of a divisible statute underlies the petitioner's crime of conviction is, if not factual, at least a mixed question of law and fact” because the inquiry requires the court to examine certain documents in the record of conviction. Maj. Op. at 791. This argument misses the mark. The relevant point is that, under the modified categorical approach, the court looks at those documents only to determine which crime the petitioner was convicted of, and whether that crime’s elements match those of a disqualifying generic offense. This is a purely legal inquiry. See Descamps, 133 S.Ct. at 2293 ("The modified approach does not authorize a sentencing court to substitute ... a facts-based inquiry for an elements-based one.”).

. Although this is an open question in our circuit, another panel recently has characterized Moncrieffe, 133 S.Ct. at 1678, as "suggesting] an inconclusive record works to a petitioner’s advantage, regardless of which party bears the burden of proof,” Lozano-Arredondo v. Sessions, 2017 WL 3393454, at *4 (9th Cir. Aug. 8, 2017) (citing Almanza-Arenas v. Lynch, 815 F.3d 469, 488-89 (9th Cir. 2016) (en banc) (Watford, J., concurring in the judgment)). In Almanza-Arenas, Judge Watford noted that "our decision in Young [is] fundamentally incompatible with the categorical approach, especially after Descamps and Moncrieffe clarified the elements-focused nature of the inquiry.” Almanza-Arenas, 815 F.3d at 489.